ATLANTIC COAST ELECTRIC RAILWAY COMPANY, PROSECUTOR, v. STATE BOARD OF TAXES AND ASSESSMENTS, RESPONDENT.

Submitted March 22, 1917—Decided June 6, 1917

The act of 1906 (*Pamph. L., p.* 644) requiring an annual franchise tax upon the annual gross receipts of any street railway corporation or upon such proportion of such gross receipts as the length of its line in this state upon any street, highway, road, lane or other public place bears to the length of its whole line, clearly requires that the tax should be calculated upon all gross receipts, irrespective of whether or not they are receipts for transportation, and was intended to provide a specific scheme for the taxation of the street railway corporations and to differentiate such corporations from corporations liable to the franchise tax under the act of 1903. *Pamph. L., p.* 232.

On *certiorari* of taxes.

Before Justices SWAYZE, MINTURN and KALISCH.

For the prosecutor, *Durand, Ivins & Carton.*

For the respondent, *John W. Wescott,* attorney-general.

The opinion of the court was delivered by

SWAYZE, J.   The prosecutor was taxed under the act of 1906 (*Pamph. L., p.* 644), upon gross receipts amounting to $363,742.35.   Of this amount $67,752.55 was receipts from current and power delivered to the Atlantic Coast Electric Light Company.   The prosecutor claims that this last amount should not be included in the gross receipts upon which the franchise tax is to be estimated.   The language of the statute plainly requires an annual franchise tax upon the annual gross receipts of any street railway corporation or upon such proportion of such gross receipts as the length of its line in this state upon any street, highway, road, lane or other public place bears to the length of its whole line.   The argument of the prosecutor is that although this language is clear, the tax should be computed only upon the gross receipts for transportation, because this was the rule under the act of 1903. *Pamph. L., p.* 232.   The answer is that the act of 1906 was intended to provide a specific scheme for the taxation of the street railway corporations and to differentiate such corporations from corporations liable to the franchise tax under the act of 1903.   The legislature had before them the latter act and carefully omitted the words indicating that the tax should be calculated on receipts for transportation.   No inference can be drawn from this omission except that the legislature meant that the tax should be imposed upon the total of the gross receipts in accordance with its precise language, which cannot be explained away by a mere guess at the possible intent to the contrary.   This is borne out by the fact that under the act of 1900, which was the original Franchise Tax act for corporations of this character, a distinction was made between oil and pipe line corporations which were required to report gross receipts for transportation of oil and petroleum, and other corporations which were required only to report gross receipts.   The act of 1900 was before this court in *Paterson and Passaic Gas Co. v. Board of Assessors,* 69 *N. J. L.* 116, and it was held that gross receipts included all gross receipts.

The tax is affirmed, with costs.